The Honorable James T. Jordan State Representative, District 92 P. O. Box 518 Monticello, AR 71655
RE: ACT 95 OF 1981
Dear Representative Jordan:
This official opinion is in response to your request in which you asked the following questions:
 1. Does the city sales tax apply to all sales made in Monticello without regard to place of delivery?
 2. Does the city sales tax apply to all sales made in Monticello for delivery in Monticello?
 3. Does the city sales tax apply to all sales made in Monticello for delivery to an address outside Monticello but in Drew County (where a county-wide 1% sales and use tax is imposed) to a resident of Monticello?
 4. Does the city sales tax apply to all sales made in Monticello for delivery to an address in Arkansas but outside Drew County to a resident of Monticello?
 5. Does the city sales tax apply to all sales made in Monticello for delivery to an address outside the State of Arkansas to a resident of Monticello?
 6. Does the city sales tax apply to a sale made in Monticello for delivery to an address in Arkansas outside Monticello which is in a city that imposes a 1% city sales tax?
 7. Does the city sales tax apply to a sale made in Monticello for delivery to an address in Arkansas outside Monticello which is in a city that does not impose a 1% city sales tax?
 8. Does the city sales tax apply to a sale made in Monticello for delivery to an address in Arkansas outside Monticello which is in a county (including Drew County) that imposes a 1% county sales tax?
 9. Does the city sales tax apply to a sale made in Monticello for delivery to an address in Arkansas outside Monticello which is in a county that does not impose a 1% county sales tax?
In response to your first question, the answer is no, the city sales tax does not apply to all sales made in Monticello without regard to place of delivery. Ark. Stat. Ann. 19-4528 (1985 Cum. Supp.) supplies the basis for application of the local sales and use tax. This section provides as follows:
 A city sales tax levied pursuant to the authority granted in this act (19-4523 through 19-4533) or in Act 990 of 1975 (19-4513, 19-4514, 19-1416, 19-4518, 19-4521, 19-4522) as amended shall be applicable to sales of items and services sold by a business located in a levying city to a resident or nonresident of the levying city, but such sales tax shall not be applicable to sales of items or services by a business located in a city which levies no city sales tax regardless of the place of residence of the purchaser. Provided, that a city sales tax levied pursuant to the provisions of this act or the provisions of Act 990 of 1975, as amended, shall not be applicable to the sale of items or services sold to a nonresident of the levying city if the sale is made for delivery to an address which is in a city or county which does not impose a one percent (1%) city or county sales tax, provided, that such sale is documented by a sales invoice indicating that the sale was made for delivery, and that delivery was actually made, to the person at the place noted thereon located outside the city in which the sales tax is levied.
Therefore, when a sale is made within your city for delivery to a city or county that does not impose a 1% city or county sales tax the sales tax will not apply. The sale should be documented by a sales invoice indicating that the sale was made for delivery and the delivery must actually be made to the person at the place noted thereon located outside the city in which the sales tax is levied.
In order to understand the above statute an interpretation of the term "sale" is necessary. Ark. Stat. Ann. 84-1902(c) (1981 Repl.) provides as follows:
 The term sale is hereby declared to mean the transfer of either the title or possession, except in the case of leases or rentals, for a valuable consideration of tangible personal property, regardless of the manner, method, instrumentality, or device by which the transfer is accomplished.
The Arkansas Supreme Court has historically strictly construed tax statutes, interpreting them in favor of taxpayers. The statutory definition of sale does not include every transaction in which there is a transfer of possession for a consideration. Gaddy v. DLM, Inc., 271 Ark. 311, 609 S.W.2d 6 (1980). The court held in Gaddy, supra, in construing a statute any doubt about the imposition of a tax must be resolved in favor of the taxpayer and against the taxing power. The express purpose in imposing a tax upon a transaction must be so clear that no reasonable mind could conclude that the intent was otherwise. The court has held that neither title nor possession was transferred to the purchasers when common couriers picked up the goods that they had ordered. See Gaddy, supra.
Therefore, in answer to your first question, a myriad of elements must be considered to determine whether or not the sales tax would apply. The place of residence of the purchaser is a critical element in determining the application of the sales tax.
Assuming that the vendor is located in the City of Monticello, the answer to your second question would be yes. All sales made in Monticello for purposes of delivery to a resident of Monticello would be subject to the sales tax.
As a general rule, the answer to your third question would be yes. In this case, the transaction occurs within Monticello and the goods are to be delivered to a resident of Monticello, therefore, the city sales tax should apply. Since the address is outside Monticello, but within the taxing unit of the county, it would not be contrary to Ark. Stat. Ann. 19-4528 (1985 Cum. Supp.).
The answer to your fourth question is identical to the answer to your third question. Delivery is to a resident of Monticello and the transaction occurred in Monticello, therefore, it would not be contrary to Ark. Stat. Ann. 19-4528 (1985 Cum. Supp.). Because the sale is made to a resident and not to a nonresident it would not be considered in conflict with Ark. Stat. Ann. 19-4528.
The answer to your fifth question depends upon several different factors. First of all, if the individual is a resident of another state, then this is considered an interstate sale and not subject to the state sales tax. If the transaction is not subject to state sales tax the city tax would likewise not apply. Any tax imposed upon a nonresident is considered a burden upon interstate commerce. However, if the individual is considered a resident of the City of Monticello, then as a general rule the answers to questions three, four and five would be the same.
The answers to questions six, seven, eight and nine can be answered in the same fashion. As a general rule, if the person is a nonresident he should not be subjected to the tax, however, if the purchaser is a resident he should pay the additional tax.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.